SHIVERS, Judge.
Shulman appeals the action taken by the Florida Parole and Probation Commission (Commission) in aggravating his presumptive parole release date (PPRD) by twenty-four (24) months. We reverse.
Shulman was arrested and charged under the drug trafficking statute with possession of more than 200 grams of methaqualone in violation of section 893.135(l)(e), Florida Statutes (1981). At trial, the jury returned a verdict of guilty as to the lesser included offense of possession of less than 200 grams of methaqualone. Shulman was thereupon adjudged guilty of the lesser included offense and sentenced to a term, of imprisonment of five years. After Shulman was committed to the Department of Corrections, the Commission determined his PPRD based on his conviction of the lesser included offense of possession of less than 200 grams of methaqualone and then aggravated his PPRD 24 months because the “circumstances of offense PSI reflect subject of larger quantity of methaqualone 735 grams.” Shulman sought review of this action by the Commission, and the Commission affirmed.
On appeal, Shulman contends that the aggravation of his PPRD by 24 months, based on the fact that the presentence investigation (PSI) indicated that he was actually in possession of more than 200 grams of methaqualone, is improper. Commission Rule 23-21.10(2)(d), Fla.Admin.Code, specifically prohibits the Commission from aggravating a prisoner for “charges for which a person was acquitted after trial.” Shulman contends that since the jury acquitted him of the greater offense of possession of more than 200 grams, the Commission may not properly aggravate him for that crime. In response, the Commission asserts that it did not aggravate Shulman based on the quantity of methaqualone but rather on the fact that Shulman’s crime involved not only the possession of methaqualone but also its sale. Since the PSI indicates that Shulman participated in the sale of methaqualone and since he was not acquitted of that charge, the Commission contends that it is not prohibited, by virtue of Rule 23-21.10(2)(d), Fla.Admin.Code, from aggravating Shul-man based on the fact of the sale.
Because the record fails to support the Commission’s contention that it aggravated Shulman based on the fact of the sale rather than the quantity of methaqualone, we must reverse the 24 month aggravation. Although the hearing examiner’s recommendation makes note of the fact that Shulman’s crime involved the sale of metha-qualone, there is no indication in the Commission action form to indicate that the fact of the sale had any bearing on the Commission’s decision to aggravate. The stated reason for the aggravation, as indicated by the Commission action form, was that the “circumstances of offense PSI reflects subject of larger quantity of methaqualone 735 grams. PSI.” (emphasis supplied). Since the Commission makes no mention of the fact that Shulman’s crime involved the sale of methaqualone, it is fair to assume that the aggravation of Shulman’s PPRD was based on the fact that the quantity of meth-aqualone involved in Shulman’s crime exceeded 200 grams. As the jury specifically acquitted appellant of the charge of possession of more than 200 grams of methaqua- *757 lone, the Commission erred in aggravating Shulman based on that crime. We, therefore, reverse the 24 month aggravation of Shulman’s PPRD.
WENTWORTH and JOANOS, JJ., concur.